UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DYLAN KNIGHTON,

    Petitioner,

v.                                                    Case No: 8:13-cv-956-CEH-MAP

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Dylan Knighton (Knighton), an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). The Court has considered the petition (Dkt. 1), and Respondent's response (Dkt. 9). Upon review, the Court determines that the petition should be denied.

**BACKGROUND**

Knighton was charged by indictment with first degree murder (Count I), armed burglary of a dwelling with an assault or battery (Count II), and attempted robbery (Count III). Following a jury trial, Knighton was sentenced to life with a 10 year minimum mandatory on Counts I and II, and 15 years on Count III, with all terms to run concurrently. Knighton appealed and the Second District Court of Appeal affirmed his conviction per curiam. *Knighton v. State*, 25 So. 3d 1236 (Table) (Fla. 2nd DCA 2010).

Knighton's attorney then filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief, which was summarily denied. Knighton appealed and the appellate court affirmed per curiam. (Exhibit 6, Case No. 2D12-2302).

Knighton then timely filed this 28 U.S.C. § 2254 pro se petition alleging five grounds: (1) the state court constitutionally erred by admitting the prior inconsistent statement of Howell because portions of the statement were prejudicial hearsay, (2) his counsel was ineffective for failing to object to Howell's "unfavorable" testimony and for failing to move for a mistrial after the "unfavorable" testimony was given, (3) his counsel was ineffective for failing to file a motion in limine in regards to Howell's testimony about information Howell received through "third-party sign language," (4) his counsel was ineffective for failing to object and move for a mistrial when the prosecutor "insinuated" that a defense witness had committed perjury, and (5) his counsel was ineffective for failing to object and move for mistrial when the prosecutor asserted that the State's primary witness was telling the truth.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry*

2

*v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. for Dep't of Corrs.*, 278 F.3d 1245, 1255 (11th Cir. 2002). "[A] state court's decision is not 'contrary to . . . clearly established Federal law' simply because the court did not cite [Supreme Court] opinions. . . . [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (quoting *Early v. Packer*, 537 U.S. 3, 7-8 (2002)). Finally, a state court's factual finding is presumed to be correct and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Knighton raises allegations of ineffective assistance of trial counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d

3

1506, 1511 (11th Cir. 1995) (en banc) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). In order to show a violation of the Sixth Amendment right to counsel, Knighton must satisfy the two-pronged inquiry of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Bell v. Cone*, 535 U.S. 685, 698 (2002) (stating that courts should apply *Strickland* to claims that counsel failed to satisfy constitutional requirements at specific points). First, Knighton must demonstrate that the attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, Knighton must prove prejudice, in that he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

"There is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. Therefore, if Knighton fails to establish either deficient performance or prejudice, the court need not address the other prong. *Id.*

## DISCUSSION

I.     **Ground 1**

Knighton contends that the state court constitutionally erred by allowing the prosecutor to publish Howell's prior statement. In the state court proceedings, Knighton did not raise this claim as a constitutional issue.

4

Before a petitioner can pursue a motion pursuant to § 2254, the petitioner must exhaust the remedies available in state court. § 2254(b)(1)(A). In other words, the petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts."). To exhaust his claim, the petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).

While Knighton raised this argument on direct appeal, he did not allege that the error violated the Constitution, and does so for the first time here. Accordingly, Ground One is procedurally barred from federal review because Knighton failed to properly raise the constitutional issue in the state court. But even if the claim were not procedurally defaulted, it would still fail on the merits. Only by way of explanation to Knighton, the Court will discuss the merits of this claim.

Whether a state trial court made an evidentiary error is not cognizable in federal court. Our determination rests solely on whether federal law was unreasonably applied. To obtain Habeas relief under the AEDPA, Knighton must show a violation of his constitutional rights. Thus, evidentiary errors only merit habeas relief when they rise to the level of a due process violation, denying one's right to a fair and impartial trial. *Williams v. Kemp*, 846 F.2d 1276, 1282 (11th Cir. 1988) (For an evidentiary error to give rise to a

5


violation of the Sixth Amendment's right to a fair and impartial trial, the error "must deny a criminal defendant fundamental fairness in order to be cognizable in a habeas proceeding.").

Knighton has not demonstrated that he was denied fundamental fairness, nor has he demonstrated that the post-conviction court unreasonably applied federal law. Howell originally stated to Detective Bias under oath that Knighton claimed he participated in the robbery and shot the victim. However, Howell testified at trial that he had misunderstood Knighton because he received the information through "third-party sign language." The prior statement contained multiple inconsistencies with Howell's trial testimony, including that Howell never mentioned sign language or the participation of a third party. The prior inconsistent statement was properly introduced as evidence to impeach Howell's credibility. A prior inconsistent statement is admissible under both Florida and federal law in order to attack the credibility of a witness. *See* Section 90.608, Fla. Stat. (2015); Fed. R. Evid. 801(d)(1)(A). Under the Federal Rules of Evidence, a prior inconsistent statement must have been given under oath to be admissible in court. Fed. R. Evid. 801(d)(1)(A). Howell's prior statement was given under oath, and thus there is no unreasonable application of Federal law. (Dkt, Tr. 506). Furthermore, the jury was instructed that the prior statement was not to be considered evidence of Knighton's guilt. (Dkt. Tr. 504-05). Accordingly, Knighton has failed to show that admission of the prior inconsistent statement violated his Sixth Amendment right to a fair and impartial trial.

**II.     Ground 2**

Knighton contends that his counsel was ineffective for failing to object to Howell's "unfavorable" testimony and failing to move for a mistrial after the "unfavorable" testimony was given. But Knighton is mistaken. His counsel did object to the use of Howell's prior inconsistent statement. At a side bar, Knighton's counsel stated on the record that "there may be some things on there that are totally irrelevant and . . . unfairly prejudicial. I would object to the whole thing being introduced." (Dkt, Tr. 450-51). Knighton's counsel objected to the statements again before they were shown to the jury and stated his "belief is that the entire tape should not be played. It is inadmissible hearsay." (Dkt. Tr. 459-60).

Even if Knighton's attorney had not objected, it would not matter because the evidence was properly admitted. According to the Federal Rules of Evidence, a prior statement given under oath is admissible and is not considered hearsay if it is inconsistent with the declarant's own testimony. Fed. R. Evid. 801(d)(1)(A). Florida Statute Section 90.614 states that "[i]f a witness denies making or does not distinctly admit making the prior inconsistent statement, extrinsic evidence of such statement is admissible. Howell's prior statement given under oath was admissible because he denied making it and it was inconsistent with his own testimony.

> As the post-conviction court stated:
>
> A party is allowed to attack the credibility of its own witness with prior inconsistent statements. *See* Section 90.608, Fla. Stat.; *Laur v. State*, 781 So. 2d 452 (Fla. 4th DCA 2001). Mr. Howell had significant information concerning the Defendant's involvement in the incident as well as other information regarding the parties to the crime, and the State did not call him

7

as a witness for the primary purpose of getting in a prior statement that was otherwise inadmissible.

(Exhibit 6).

In light of the evidence showing that Knighton's counsel did object, and that any objection would have been meritless because the evidence was properly admitted, Knighton has failed to prove that his counsel was ineffective and thus Ground Two will be denied on the merits.

## III.   Ground 3

Knighton contends that his counsel was ineffective for failing to file a motion in limine regarding Howell's testimony about the information he received through "third-party sign language."

The post-conviction court held that there was "no legal basis for [Knighton's] claim," and that Knighton's counsel's performance did not fall "below an objective standard of reasonableness in failing to file a motion in limine with respect to the testimony of Mr. Howell." (Exhibit 6).

The post-conviction court was reasonable in its determination. Howell stated to Detective Bias that Knighton had personally recounted the crime and taken responsibility for the murder. However, at trial, Howell testified that he misconstrued the information because it was conveyed to him via "third-party sign language." He claimed that the information was not Knighton's account of the events. The prosecutor moved to admit the prior inconsistent statement in order to impeach Howell. Because the prior statement was correctly admitted into evidence, there was no legal basis for Knighton's counsel to file a

motion in limine. Knighton's counsel cannot be deemed ineffective for failing to raise a meritless issue. *See Card v. Dugger*, 911 F.2d 1494, 1520 (11th Cir. 1990).

Knighton has failed to prove that his counsel was ineffective and thus Ground Three will be denied on the merits.

## IV. Grounds 4 and 5

Knighton asserts that his counsel was ineffective for failing to object and move for a mistrial when the prosecutor "insinuated" that a defense witness had committed perjury and argued that the State's primary witness was telling the truth. The post-conviction court determined that the prosecutor's allegedly "improper" remarks regarding the defense witness' credibility came as a fair and direct response to comments made by Knighton's counsel. (Exhibit 6).

During closing argument Knighton's counsel made the following remarks regarding the credibility of Mr. Barnett, one of the defense's witnesses: "I will tell you this . . . he had nothing to gain from his testimony. He's certainly not currying favor . . . from the state on a pending homicide charge." (Dkt. Tr. 577). Knighton's counsel also called into question the credibility of the State's witness, Mr. Donaldson, when he stated that the prosecutor "has [the] impossible task" of trying to "convince [the jury] that Robert Donaldson is trustworthy." (Dkt. Tr. 577). In response to the defense counsel's statements about Mr. Barnett, the prosecutor stated that "there's another way to look at it. He's also got nothing to lose by his testimony. The man's charged with first-degree murder. What's a little bit of perjury? I mean, he's got bigger things to worry about . . . ." (Dkt. Tr. 579). In response to the defense counsel's statements about Mr. Donaldson, the prosecutor stated

9

that "[t]he issue is not trust. The issue is credibility. . . . I think the evidence makes it abundantly clear that Mr. Donaldson is, in fact, telling the truth in this case." (Dkt. Tr. 580). The post-conviction court held that there were no grounds for an objection, and thus Knighton's counsel could not be considered ineffective for failing to raise a meritless claim. (Exhibit 6).

The post-conviction court was reasonable in its determination. According to the invited response doctrine, the prosecutor may comment on the credibility of a witness when in response to statements made by the defense counsel, so long as the prosecutor's response does not unfairly prejudice the defendant. *See U.S. v. Johnson-Dix*, 54 F.3d 1295, 1305 (7th Cir. 1995). In the instant case, the prosecutor's comments were invited by the defense and were not unreasonable or unfairly prejudicial to Knighton. Accordingly, Knighton's counsel cannot be deemed ineffective for failing to raise a meritless claim. *See Card v. Dugger*, 911 F.2d 1494, 1520 (11th Cir. 1990).

Because Knighton has failed to demonstrate that his counsel was ineffective, Grounds Four and Five will be denied on the merits.

Any claims not specifically addressed in this Order have been determined to be without merit.

## **CONCLUSION**

For the reasons set forth above, all of Knighton's claims are without merit and will be denied.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is **DISMISSED** as to ground 1, and **DENIED** as to grounds 2 through 5.

2. The Clerk is directed to enter judgment in favor of Respondent and against Knighton, terminate any pending motions, and close this file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
IN FORMA PAUERIS DENIED**

IT IS FURTHER ORDERED that Knighton is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. *Id.* "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Knighton "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Knighton is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

DONE AND ORDERED this 21st day of September, 2016, at Tampa, Florida.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel/Parties of Record

S:\Even\2013\13-cv-956 Order 2254 CEH.docx